# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BERNARD MARSELLES JENKINS,<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT CHRISTOPHER GRIFFIN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CV421-359<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Bernard Marselles Jenkins filed this 42 U.S.C. § 1983 case alleging that he was subjected to excessive force. *See* doc. 7. Defendant answered. Doc. 11. He sought leave to depose Plaintiff, who was, at the time, incarcerated at Chatham County Detention Center. *See* doc. 12. The Court granted leave. Doc. 14. The service copy of that Order was returned as undeliverable. Doc. 15. After several months, and the deadline for the parties to file motions, passed, the Court directed the parties to confer and propose dates and times for a status conference. Doc. 16. When the parties failed to respond to that Order, the Court directed them to show cause for their failure. Doc. 17.

1

Defendant has responded to that Order. Doc. 18. Defendant's response indicates that he was "unable to schedule the [Plaintiff's] deposition," because Plaintiff had been released. *Id.* at 1. The Defendant also notes that, because Plaintiff has not provided the Clerk or Defendant with his current address, Defendant has not "been able to make contact with the Plaintiff since his release . . . ." *Id.* Although Defendant states that his failure to comply with the Court's instruction to schedule a status conference was due to his counsel's confusion of this case with another pending case, *id.* at 1-2, he does not indicate why he omitted to take any action when he was unable to schedule Plaintiff's deposition. While the Court does not approve of Defendant's apparently lackadaisical approach to this litigation, it is Plaintiff's responsibility to prosecute this case. *Cf.* Fed. R. Civ. P. 41(b).

Because Jenkins has failed to comply with the Court's orders and failed to keep the Court apprised of his address, *see* S.D. Ga. L. Civ. R. 11.1, his case should be **DISMISSED**. This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss

claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Accordingly, Plaintiff's Complaint should be **DISMISSED** for his failure to comply with the Court's Order and Local Rules, and his failure to prosecute this action.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 28th day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA